### HODGE *v.* THE STATE.

FISH, J.  1. Judicial cognizance will be taken of the fact that whisky is a spirituous liquor.

2. One may be convicted of selling spirituous liquors without license, in violation of the Penal Code, § 433, in a county where no such liquor is legally sold, for the reason that no one has been able to secure (as required by an act of the General Assembly applicable to that county) the written consent to the granting of a license to sell the same, signed by two thirds of the citizen freeholders living within three miles of the place at which it is proposed to sell.

3. It was not cause for a new trial that the court remarked to the jury . " Gentlemen, I have been requested to put my charge in writing ; this is why we have been delayed in submitting my charge. I had to complete my charge in writing."

4. There was no error in charging as follows : " The defendant enters upon the trial of his case with the presumption of innocence in his favor, which presumption goes with the defendant throughout the trial, or until it is met and overcome by the evidence in the case." Nor in charging : " But the State is not required to demonstrate to a mathematical certainty the allegations made ; all that is expected from legal investigation is moral and reasonable certainty — that's all."

5. Failure to instruct the jury as to the law applicable to the impeachment of witnesses, in the absence of a proper request to charge on that subject, is not cause for a new trial (*Boynton* v. *State*, 115 *Ga.* 587) ; and especially is this true when the record shows that there was nothing reflecting upon the credibility of any witness, save what was said by the accused in his statement. *Freeman* v. *State*, 112 *Ga.* 48.

6. It is well settled that newly discovered evidence, when merely impeaching in its character, is not cause for a new trial. *Harris* v. *State*, 114 *Ga.* 35 ; *Davis*

v. *State*, Ib. 104 ; *Moore* v. *State*, Ib. 256 ; *Bowdoin* v. *State*, 115 *Ga.* 1150. There are many earlier decisions to the same effect.

7. The evidence warranted the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.  All the Justices concurring, except Lumpkin, P. J., absent.*

Submitted December 15, 1902. — Decided January 9, 1903.

Accusation of selling liquor.   Before Judge Robinson.   City court of Wrightsville.   November 25, 1902.

*E. L. Stephens* and *J. L. Kent,* for plaintiff in error.
*B. B. Blount, solicitor,* contra.