### 5443. PETTIGREW v. THE STATE.

No error of law was committed by the court, and the evidence sustained the verdict.

DECIDED APRIL 18, 1914.

Accusation of sale of liquor; from city court of Macon—Judge Hodges. December 20, 1913.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

WADE, J. J. M. Pettigrew was tried in the city court of Macon on an accusation charging him with the unlawful sale of intoxicating liquors. On conviction he made a motion for a new trial, which was overruled, and he excepted. The evidence discloses that a drum of whisky contains generally from 48 to 50 quarts, and that during the months of November and December, 1912, the defendant had delivered to him at a railroad warehouse in Bibb county five drums of whisky, and that during January, February, March, and April, 1913, nine drums were delivered to him. Delivery was shown by warehouse receipts signed by him, which were admitted in evidence without objection. A witness testified that within two years prior to the filing of the accusation he bought whisky three or four times from the defendant, and paid for it; and another witness swore that he bought whisky from the defendant many times during that period, sometimes buying every day and sometimes not for two or three weeks; that he always bought a half pint at a time, and paid for it in money. There was no evidence whatever to dispute the positive, direct testimony of these two witnesses, and nothing was offered in behalf of the defendant but his statement, which was simply to the effect that he was not guilty, that these witnesses were angry with him, and that he kept whisky in his house to drink, but did not sell it.

1. Besides the general grounds, the motion for new trial contained exceptions to the charge of the court, the first of which was that the trial judge failed to instruct the jury that they were judges of both the law and the facts in criminal cases. The judge charged the jury that they should take the law which he gave them in charge, to guide and control them in the consideration of the evidence, and should apply the rules of law to the evidence, etc. In view of the repeated rulings of the Supreme Court on this question, it is unnecessary to discuss this assignment of error. *Register v. State,* 10

*Ga. App.* 623-628 (74 S. E. 429) ; *Ridenhour* v. *State,* 75 *Ga.* 385 ; *Malone* v. *State,* 77 *Ga.* 767 ; *Berry* v. *State,* 105 *Ga.* 683 (31 S. E. 592) ; *Rouse* v. *State,* 136 *Ga.* 356 (6), 364 (71 S. E. 667), and numerous other authorities.

2. The second exception to the charge of the court is based on the judge's failure to call the attention of the jury to the contention of the defendant in his statement, that the two witnesses who testified against him were angry with him—one of them on account of money the witness owed the defendant. There was no written request to charge, and the judge sufficiently covered the sole contention raised by the defendant's statement,—namely, that he was not guilty. The fact that the judge failed to give in detail to the jury the reasons assigned by the defendant why the State's witnesses had testified against him is surely no error under these circumstances. *Hunter* v. *State,* 133 *Ga.* 78, 79 (35 S. E. 154) ; *Watson* v. *State,* 136 *Ga.* 236 (5), 239 (71 S. E. 122).

3. The third exception to the charge of the court that, as a matter of law, rye whisky and corn whisky are alcoholic, spirituous, and intoxicating liquors. The defendant objected to this charge on the idea that the judge thereby expressed an opinion as to what had been proved by the evidence. We can not so understand it. The distinct point has been ruled on so often in Georgia that it is unnecessary to discuss this exception at all. *Hodge* v. *State,* 116 *Ga.* 852 (43 S. E. 255).

4. The evidence discloses that the defendant had fourteen drums of whisky, containing from 48 to 50 quarts each, delivered to him during a few months, and that he had three drums or about 150 quarts of whisky delivered to him during the month of November, 1912. In his statement to the jury he said that he kept whisky to drink, and was not guilty of selling it. If this were true, at the rate he was accumulating intoxicants, he would have needed a warehouse in which to store his liquid belongings in a comparatively short time, and would have been prepared to supply his own needs throughout a life as long as any that the patriarchs of old enjoyed. The defendant does not even assert in his statement that the witnesses for the State testified falsely, except by inference, and contents himself with a general assertion of innocence. The evidence overwhelmingly sustained the verdict, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Roan, J., absent.*