## 6799. WOOTEN v. THE STATE.

WADE, J. 1. To the ground of the motion for a new trial based on the denial of an application for a continuance, the trial judge attaches a note reciting that this case was called on the first Monday (the third day) of May, 1915, and the defendant then notified to subpœna his witnesses; that he was tried on Thursday of the week following (May 13, 1915), and then made a motion for a continuance on account of the absence of a witness who did not reside in that county, but resided in an adjoining county; that there was no evidence that this witness had ever been subpœnaed, and no application had been made to the court for an officer to enforce the attendance of the witness. It appears further, from the evidence offered to support the application for a continuance, that the accused had two other witnesses present who would swear to the identical facts he expected to prove by the absent witness, and that a subpœna for the absent witness was not delivered by the defendant to an officer for service until the day before the case was called for trial, though the witness resided beyond the limits of Dooly county. "Where there are present at the trial other witnesses by whom a defendant can prove the same facts as those to which an absent witness would swear, the court, in the exercise of a sound discretion, may refuse a continuance based on the ground of the absence of such witness who has not been

served with a subpœna. *Allen* v. *State,* 10 *Ga.* 85; *Salmons* v. *State,* 118 *Ga.* 763 [45 S. E. 611]; *Long* v. *State,* 38 *Ga.* 506." *Jones* v. *State,* 125 *Ga.* 307-308 (54 S. E. 122). Under the facts recited above no proper diligence was shown by the defendant, and the trial judge did not abuse his discretion in overruling the motion to continue or postpone the trial of the case. See *Glover* v. *State,* 89 *Ga.* 391 (15 S. E. 496).

2. Evidence that a large quantity of whisky in pint-bottles, belonging to the defendant, was discovered in his trunk was admissible on his trial for the offense of selling intoxicating liquors. "It is a circumstance of corroboration, of more or less weight, according to its nearness or remoteness to the matter under investigation." *Webb* v. *State,* 13 *Ga. App.* 733 (5) 734 (80 S. E. 14); *Pettigrew* v. *State,* 14 *Ga. App.* 462 (81 S. E. 446).

3. We are without jurisdiction to consider the third assignment of error, in view of the note appended by the trial judge to the effect that the error complained of was not objected to at the time of the trial, and appeared for the first time in the motion for a new trial.

4. The evidence amply warranted the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Russell, C. J., dissents from the ruling made in paragraph 1.*

DECIDED OCTOBER 29, 1915.

Indictment for sale of liquor; from Dooly superior court—Judge George. June 12, 1915.

*W. V. Harvard, W. H. Lasseter, J. M. Busbee,* for plaintiff in error.

*J. B. Wall, solicitor-general, Powell & Lumsden,* contra.