## PAYNE v. THE STATE.

1. Punishment is prescribed for a violation of section 270 of the Penal Code of 1910, by section 271.
2. The office of a policeman of the City of Atlanta is embraced in the expression "office of government or of justice," within the meaning of section 270 of the Penal Code of 1910.
3. A policeman of the City of Atlanta is an "officer of this State," within the meaning of section 271 of the Penal Code of 1910.

No. 3236. August 17, 1922.

Questions certified by Court of Appeals (Case No. 13364).

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general,* and *E. A. Stephens,* contra.

Hill, J. The Court of Appeals desires instruction from the Supreme Court upon the following questions: "1. Is there any punishment prescribed by law for a violation of section 270 of the Penal Code of 1910? 2. If the preceding question is answered in the affirmative, then an answer is requested to the following question: Is the office of a policeman of the City of Atlanta an 'office of government or of justice,' within the meaning of section 270 of the Penal Code of 1910? 3. Is a policeman of the City of Atlanta an 'officer of this State,' within the meaning of section 271 of the Penal Code of 1910?"

1. Sections 270 and 271 of the Penal Code of 1910 are as follows: "§ 270. Bribery defined. Bribery is the giving or receiving any undue reward to influence the behavior of the person receiving such reward, in the discharge of his duty in any office of government or of justice. § 271. Punishment. If any person shall, directly or indirectly, give or offer to give any money, goods, or other bribe, present, or reward; or give or make any promise, contract, or agreement for the payment, delivery, or alienation of any money, goods, lands, or other bribe; or use any promises, threats, persuasions, or other like sinister, unfair, or fraudulent practices in order to obtain or influence the opinion, judgment, decree, or behavior of any member of the General Assembly or officer of this State, referee, or arbitrator, in any matter or cause depending, or which shall depend before him, such person, and the officer, referee, or arbitrator, who shall accept or receive such bribe, shall be guilty of a misdemeanor."

Section 271 supra, was evidently taken from the Acts of the General Assembly for the year 1816, p. 142, entitled "An act to

reform the Penal Code of this State, and to adapt the same to the penitentiary system;" and division 8, section 4, on page 171, is substantially the same as § 271, except as to the punishment, which was for a felony; and substantially the same language is to be · found in the compilation of the acts of the General Assembly for the years 1810 to 1819, inclusive, by L. Q. C. Lamar. See vol. 3, sec. 4, page 587; and Prince's Digest of the Laws of Georgia (2d ed.), 1837, page 638, sections 182 and 183, which contains substantially the same definition of the crime of bribery. Section 270 of the Penal Code of 1910 is the same as found in section 10 of the Acts of 1833, p. 172, and is identical in language. The act of 1833, supra, was entitled " An act to reform, amend, and consolidate the penal laws of the State of Georgia." That act by its terms went into effect in 1834. It will be noted also that sections 10 and 11 of the act of 1833 are substantially the same as sections 270 and 271, respectively, of the Penal Code of 1910, except that section 11 makes the punishment for bribery imprisonment and labor in the penitentiary for a time not less than two years nor longer than ten years, and removal from office. These two sections of the act of 1833 have been carried forward in practically all of the digests and the codes of Georgia since that date, except as they were changed by the act of 1865-6 (Acts 1865-6, p. 233), which reduced the penalty for bribery from a felony to a misdemeanor. In T. R. R. Cobb's New Digest of Laws of Georgia, 1851, on page 805, sections 10 and 11 are respectively the same as sections 270 and 271 of the Penal Code of 1910, except that section 11 provides a penalty for bribery from two to ten years, and removal from office. It will be perceived, therefore, that these sections of the Penal Code have been brought forward in immediate connection with each other at least since the act of 1833; and it was evidently the intention of the legislature that these sections of the Penal Code should be construed together. Construing these two sections together, we are of the opinion that section 271 provides a penalty for the offense of bribery as defined in both those sections.

2. We are also of the opinion that the office of policeman of the City of Atlanta is an " office of government " and " an officer of this State," within the meaning of sections 270 and 271 of the Penal Code of 1910. The principal duty of a policeman is the

preservation of the public peace, and the public peace is a matter of public concern; and therefore a policeman of the City of Atlanta comes within the rule laid down above. Policemen are clothed with full power of enforcing not only municipal laws and ordinances within their prescribed spheres, but also the laws of the State within their jurisdiction. It is true they are appointed by a board of the municipal government, but they are appointed under legislative authority authorizing the creation of those boards; and therefore they come within the meaning of "office of government or of justice" and "officer of this State," within the meaning of the sections of the Penal Code now under review. See, in this connection, note to the case of Schmitt v. Dooling, 36 L. R. A. (N. S.) 881 (145 Ky. 240, 140 S. W. 197, Ann. Cas. 1913B, 1078); 3 Words & Phrases (2d ed.), 713.

From what has been said above we are of the opinion that all three questions propounded by the Court of Appeals should be answered in the affirmative.

*All the Justices concur, except Gilbert, J., absent.*