26475. LEWIS *v.* THE STATE.

DECIDED JANUARY 6, 1938.

*C. E. Anderson, D. A. Bragg,* for plaintiff in error.

*G. C. Dekle, Jr., solicitor,* contra.

GUERRY, J. The defendant was charged with possessing and transporting "certain spirituous, vinous, malted, and fermented liquors." The jury found him guilty, and he excepted to the overruling of his motion for new trial, which contains only the usual general grounds. It appears from the evidence that the officers discovered a goodly quantity of bonded whisky in bottles, hidden a short distance from the main highway and near a small country road, in bushes and straw. They waited concealed near this spot for some time until the defendant drove up in his car with a companion, whom the officers were not able to positively identify, and stopped. The officers testified that the defendant got out of the car with a sack, went to the spot where they had located the whisky, and put some of the bottles in the sack. He placed them in the car and then returned to the spot and filled the sack again. In the meantime the car had been turned around and was facing the highway. The officers stepped out in the road and attempted to stop the defendant, but he would not stop. He drove on past them. They shot at his tires, but he continued on his way. They then went back to the spot where they had discovered the whisky, and found some bottles still there. These were introduced in evidence. The defendant in his statement admitted being at this place, but said that he had merely driven there and stopped with a girl, and that he did not get out of the car and get any whisky. He further stated that he did not at first recognize the officers, but thought he was being held up; but he admitted that as he drove by them he recognized who they were. The evidence was sufficient to support the verdict. The officers discovered the whisky in bottles hidden at a certain spot, and saw the defendant come and get some of those bottles and put them in his car and drive off. Clearer evidence of his possession and transportation of whisky could hardly have been produced. "The courts take judicial cognizance that whisky is both spirituous and intoxicating, and no proof of these facts need be made in any case." *Maddox* v. *Eatonton,* 8 *Ga. App.* 817 (70 S. E. 214) ; *Hodge* v. *State,* 116 *Ga.* 852

(43 S. E. 255). The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*