## WILKES *et al. v.* WILKES.

No. 15170.   JUNE 6, 1945.

*H. H. Elders,* for plaintiffs in error.
*Chalmers Chapman,* contra.

WYATT, Justice. 1. No error is complained of, except the direction of a verdict for the plaintiff as to title to the land in controversy, which was the main issue tried. The action of the trial court is probably sustainable on more than one theory. We rest our decision on one proposition only. The plaintiff proved his title. There was no issue as to the execution of his deeds. There was an issue as to whether he had complied with the covenant in his first deed, but there was no evidence whatever proving his insolvency.

Counsel for the plaintiffs in error recognizes the necessity of proof of insolvency in this case. In his brief he states: "If a party brings a suit to cancel a deed, or deeds, whose consideration is to support a party during his or her lifetime, and after said lifetime party is dead, and because the party bringing the suit has a title to said land, then he must allege said defendant party is insolvent. . . The only way we could show R. W. Wilkes

was insolvent was by the certificate of the tax commissioner of Polk County, Florida, that R. W. Wilkes had never given any property in for taxes during the years he lived there. The court refused to allow this, and this was error." In the motion for new trial no error is complained of as to the exclusion of the evidence referred to by counsel.

In *McCardle* v. *Kennedy*, 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85), this court held: "Where a conveyance was made in consideration of support for life, the grantor had no right, without the consent of the grantee, to rescind the contract by a subsequent conveyance to another, merely because the support was withheld. She could not thereby defeat the first deed, her redress being an action for the value of the support withheld, or an equitable action to rescind if the special facts, such as insolvency, would make the latter the appropriate relief." See also *Jones* v. *Reid*, 184 *Ga.* 764, 767 (193 S. E. 235) ; *House* v. *House*, 191 *Ga.* 678, 679 (13 S. E. 2d, 817), and cit.; *Wood* v. *Owen*, 133 *Ga.* 751 (3) (66 S. E. 951) ; *Self* v. *Billings*, 139 *Ga.* 400 (77 S. E. 562) ; *Wyatt* v. *Nailer*, 153 *Ga.* 72 (111 S. E. 419). No insolvency, or other special facts, having been proved, which would entitle the principal defendant in the court below to a verdict divesting the plaintiff of title to the land, the court committed no error in directing a verdict for the plaintiff.

2. Other special grounds of the motion for new trial are incomplete, in that all of them merely set out certain actions of the trial court, but none complains of any error. They present no question for decision.

*Judgment affirmed.* *Bell, C. J., Jenkins, P. J., Duckworth, and Atkinson, JJ., concur.*