## 34019. BOATRIGHT *v.* THE STATE.

TOWNSEND, J. 1. The verdict of possessing and selling untaxpaid whisky was amply supported by the evidence. *Lewis* v. *State,* 57 *Ga. App.* 162 (194 S. E. 831); *Williams* v. *State,* 83 *Ga. App.* 253 (63 S. E. 2d, 442).

2. Assignments of error in amendments to a motion for a new trial incomplete within themselves, which fail to show the grounds of objection and ruling made thereon, which are unintelligible without reference to other parts of the record, and which fail to specify clearly the error alleged to have been committed, will not be considered by this court. *Bostick* v. *State,* 34 *Ga. App.* 595 (1) (130 S. E. 221); *Wilkes* v. *Wilkes,* 199 *Ga.* 368, 370 (2) (34 S. E. 2d, 505).

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED APRIL 17, 1952—REHEARING DENIED MAY 6, 1952.

*H. L. Williams,* for plaintiff in error.

Isabell Boatright was indicted for possessing untaxpaid liquor and for selling the same. The testimony of the two witnesses for the State was to the effect: that they went together to the defendant's home and told her they wished to buy whisky; that the defendant said one pint was not worth going after and the police officer then said he would buy two .pints; that the defendant and the second witness left the house with a flashlight and went about a quarter of a mile into a field; that the witness held a flashlight while the defendant filled the two pint bottles from a jar located there; that the police officer, after witnessing this, returned to the house and, when the defendant and the other witness returned, paid her for the whisky and took it with

him; that he and another deputy then went back to the field and also recovered the remainder of the moonshine whisky in the jar where it was hidden. The defendant made an unsworn statement, in which she contended that she had sold no whisky and did not possess any.

Following conviction, the defendant made a motion for a new trial on the general grounds. This motion was later amended by adding four special grounds, none of which, however, is in proper form for consideration by this court. The denial of this motion is assigned as error.