35294. Usry *v*. The State.

Carlisle, J. The defendant was tried, convicted, and sentenced to serve from two to three years in the penitentiary for the offense of bribery under an indictment which charged substantially the following: The accused on May 8, 1953, did unlawfully, maliciously, directly and indirectly give to and offer to give $50 to A. M. Redd, Deputy Sheriff of Richmond County, an officer in an office of government and of justice in this State, to influence Redd's behaviour as an officer in an office of government and of justice, in that he paid and offered to pay Redd $50 if Redd would agree to allow him and others to violate the gaming laws of the State and agree not to interfere with him in the violation of the gaming laws. The defendant's motion for a new trial, based on the usual general grounds and three special grounds, was denied, and the defendant has brought the present writ of error to review that judgment.

1. The language of the indictment imports that it was drawn under the provisions of Code § 26-4101, which defines bribery as "the giving or receiving any undue reward to influence the behaviour of the person receiving such reward, in the discharge of his duty in any office of government or of justice."

(*a*) In *Payne* v. *State*, 153 *Ga.* 882 (113 S. E. 446), it was held that "the office of a policeman of the City of Atlanta is embraced in the expression 'office of government or of justice,' within the meaning of . . . [Code § 26-4101]." By the same token we hold that the deputy sheriff of Richmond County holds an office of government or of justice within the meaning of that section. See also, in this connection, *Taylor* v. *State*, 174 *Ga.* 52 (162 S. E. 504).

(*b*) " 'Entrapment' exists where the idea and intention of the commission

. of a crime originates with an officer of the state and he by undue persuasion, incitement, and deceitful means, induces the defendant to commit an act . . . which the defendant would not have committed except for the conduct of such officer." *Sutton* v. *State,* 59 *Ga. App.* 198 (200 S. E. 225). An "entrapment" does not exist merely because an officer furnishes an opportunity to commit an offense to the accused, who is ready and willing to commit the offense. *Sutton* v. *State,* supra. Under an application of the foregoing principles of law to the facts of this case, the evidence authorized the verdict, as the jury was authorized to find that the defendant telephoned the deputy sheriff of Richmond County, asking him to come alone to the defendant's club, and saying that he wished to talk to him; that the officer, suspecting that the defendant would endeavor to bribe him, took along his working partner, another officer, concealed in the trunk of his automobile; that the defendant paid the deputy sheriff $50 when he arrived at the club and promised an additional $50 at the end of the week, and also promised the officer and his working partner $100 a week thereafter if the officers would allow him to engage in gambling in his club and would warn him in advance of any impending raid upon the club; that this constituted an effort on the defendant's part to influence an "officer of government or of justice" in the discharge of his duty; and that, since the defendant initiated the bribery himself, he was not entrapped, within the legal definition of entrapment, by the officer's laying a trap for him.

2. Where, upon the trial of one charged with bribery, certain allegedly prejudicial testimony is volunteered by a witness for the State, and the defendant, without objecting to the introduction of the evidence, moves for a mistrial, which is overruled; and, in one of the defendant's special grounds of his motion for a new trial, error is not assigned upon the refusal of the trial court to grant the motion for mistrial, but error is assigned upon the admission of the testimony—such special ground presents no question for determination by this court, as no objection to the admission of the evidence was made at the trial, and the special ground contains no assignment of error on the refusal of the motion for mistrial. *Wooten* v. *State,* 17 *Ga. App.* 333 (86 S. E. 740); *Grier* v. *State,* 196 *Ga.* 515 (26 S. E. 2d 889). Special ground 1 is not, therefore, considered, beyond what has been said here.

3. By the terms of the act of 1949 (Ga. L. 1949, p. 274; Code, Ann., § 26-4102), bribery was changed from a misdemeanor to a felony. Code section 26-4101, under which the defendant was indicted, and section 26-4102 must be construed together, and the latter section fixes the punishment for both sections. *Payne* v. *State,* supra. There was no error in the trial court's charging that the offense with which the defendant was charged is a felony. Special ground 2 is without merit.

4. Viewed in the light of the charge as a whole, the following excerpt from the charge of the court is not subject to the criticism that it left the impression with the jury that the court was instructing them to find the defendant guilty: "Gentlemen of the jury, if you find the defendant guilty, the form of your verdict would be, 'We, the jury, find the defendant guilty and fix his punishment at so many years minimum and so many years maximum,' within the limits of one to twenty years, you

fixing the minimum and maximum within those limits. Now, gentlemen of the jury, *after you have done that,* if you so desire, with or without reason, you may recommend that he be punished as for a misdemeanor and that punishment meeting with the approval of the court, might be his punishment." The court said: "If you find the defendant guilty," you should fix the punishment at so many years minimum and maximum, and after you have done that you may recommend that he be punished as for a misdemeanor. This was no instruction to find the defendant guilty. The guilt of the defendant was left entirely to the jury for determination. There is no merit in special ground 3.

The trial court did not for any reason assigned err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided September 21, 1954.

*Nicholson, Fleming & Barton,* for plaintiff in error.
*Geo. Hains, Solicitor-General,* contra.