THE STATE OF DELAWARE, upon the relation of Januar D. Bove, Attorney-General, Plaintiff, v. EDWARD F. McDANIEL, WILLIAM F. TOBIN, BUDDY S. DEEMER, P. J. MARINELLI, Defendants.

(*January* 20, 1960.)

SOUTHERLAND, C. J., BRAMHALL, J., and MARVEL, Vice Chancellor, sitting.

*George T. Coulson* (of the firm of Morris, Nichols, Arsht and Tunnell) for plaintiff.

*Aubrey B. Lank* and *Thomas S. Lodge* for defendants.

Supreme Court of the State of Delaware, No. 51, 1959.

BRAMHALL, J.:

The questions certified to this Court by the Superior Court concern the validity of certain proceedings of the City Council of New Castle. They are as follows:

1. Did the election of McDaniel and Tobin to the offices of Mayor and President of City Council, respectively, violate Section 8 of the Charter of New Castle?

2. Does Deemer's conviction of manslaughter render him ineligible under Article 2, Section 21 of the Delaware Constitution to hold office as a member of the City Council of New Castle?

3. May the vacancy in City Council caused by Tobin's resignation be filled in the absence of and without notice to another member of Council?

Since the certification of these questions to this Court, two questions have been eliminated, plaintiff having conceded that the second question may be answered in the negative and defendants having agreed that the third question should be answered in the negative. There therefore remains for the consideration of this Court only Question No. 1.

The stipulated facts are as follows:

On April 14, 1959, defendant McDaniel was elected as President of City Council and defendants Tobin and Deemer were elected as members of Council of the City of New Castle. The late Paul R. Capelle was duly elected on that date to the office of Mayor of New Castle. Benjamin W. Leach was duly elected as a member of Council on the same day.

On May 21, 1959, Paul R. Capelle departed this life, leaving vacant the office of Mayor.

On June 2, 1959, defendant McDaniel, then President of City Council, stated to Leach that there would be a special meeting of City Council on the following evening, June 3, 1959, at 8:00 p.m. in City Council Chambers for the purpose of filling the vacancy in the office of Mayor of New Castle caused by the death of the said Paul R. Capelle. Mr. Leach received no other notice of said special meeting, and did not receive notice that said special meeting would consider any business other than the filling of the aforesaid vacancy.

In order to present clearly and fully the action taken at this meeting, the minutes of the special meeting of the City Council held on June 3, 1959, although quite lengthy, are set forth in toto, as follows:

"New Castle, Delaware

"June 3, 1959

"A Special session of City Council was held this evening at 8:00 P.M.

"Members present were Messrs. Susi, Tobin, Deemer and McDaniel; Mr. Leach being absent.

"Mr. Deemer was appointed as Secretary of the meeting by the President.

"Mr. McDaniel pointed out that this meeting was called to discuss the possibility of filling the vacancy as Mayor caused by the death of Paul R. Capelle.

"It was called to Council's attention by the President of Council that according to the City Solicitor's opinion a member of Council might resign his seat on Council to become eligible to being elected as Mayor or President of Council.

"At this point Mr. William F. Tobin submitted his resignation in writing as a member of City Council. Mr. Tobin then left the room.

"Mr. McDaniel asked for a motion of acceptance on this resignation.

"Mr. Deemer moved to accept the resignation of Mr. Tobin, seconded by Mr. Susi.

"Roll call on the above motion is as follows: Deemer, yes; Susi, yes; and McDaniel, yes. Motion carried.

"Mr. Deemer then nominated Mr. Pasquale J. Marinelli to fill the vacancy in City Council caused by Mr. Tobin's resignation. The nomination was seconded by Mr. Susi.

"Roll call—Deemer, yes; Susi, yes; and McDaniel, yes.

"At this time a recess was called.

"Mr. Leach arrived during the recess and was briefed by the Acting Secretary as to the action which had been taken by the majority of Council up to this time.

"Mr. Leach waited for approximately 10 minutes and left before the meeting was called back into session.

"Upon the arrival of Magistrate Frank J. Carello, Jr., in the Council Chambers, the oath of office was administered to Mr. Pasquale J. Marinelli as a member of City Council.

"The meeting was then called back to order by the President.

"Mr. Marinelli then took his seat as a member of Council.

"Mr. McDaniel submitted his resignation as President of Council in writing. Mr. McDaniel then left the room.

"At this point Messrs. Susi and Marinelli appointed Mr. Deemer Acting Chairman of the meeting.

"Mr. Deemer asked for a motion of acceptance of Mr. McDaniel's resignation.

"Mr. Marinelli moved that Mr. McDaniel's resignation be accepted. Motion seconded by Mr. Susi.

"Roll call vote —Susi, yes; Marinelli, yes; and Deemer, yes.

"Mr. Deemer then asked for a motion nominating someone to be elected as President of City Council to fill the vacancy caused by the resignation of Mr. McDaniel.

"Mr. Susi nominated William F. Tobin as President of City Council. Mr. Marinelli seconded the nomination.

"Roll call—Susi, yes; Marinelli, yes; and Deemer, yes.

"Mr. Tobin was called back into the room at this point and was administered the oath of office by Magistrate Frank J. Carello, Jr.

"After this Mr. Deemer relinquished the chair to the new President of City Council.

"Mr. Tobin at this point stated that he would entertain a motion for the nomination of a person to be elected Mayor

of the City of New Castle to fill the vacancy caused by the death of Paul R. Capelle.

"Mr. Deemer nominated Mr. Edward F. McDaniel to be Mayor, seconded by Mr. Susi.

"Roll call vote—Susi, yes; Marinelli, yes; Deemer, yes; and Tobin, yes.

"Mr. McDaniel was then called back into the room and was administered the oath of office by Magistrate Frank J. Carello, Jr.

"On motion of Mr. Deemer, seconded by Mr. Susi, Council adjourned.

"Buddy S. Deemer

"Acting Secretary and

 Acting Chairman of the Meeting."

Question No. 1 is as follows:

"Did the election of McDaniel and Tobin to the offices of Mayor and President of City Council, respectively, violate Section 8 of the Charter of New Castle?"

The right of McDaniel and Tobin (hereafter defendants) to hold the respective offices to which they were allegedly elected hinges upon the Charter of New Castle. Section 8, the pertinent section thereof, provides as follows:

"Section 8. In case of the death, resignation, refusal to act, disability, removal, or failure to give bond under the provisions of this charter, of any person elected as aforesaid to the office of mayor, president of Council, member of Council, treasurer, or assessor, the vacancy thus occasioned shall be filled by the Council, who shall elect some suitable person, not of their own body, having the qualifications herein provided for, to fill said vacancy until the next election, or until a successor shall have been duly qualified."

Plaintiff contends that under this section of the statute, and under the common law as well, it is contrary to public policy to permit a member of a Board having the power to appoint to an office to exercise that power by appointing thereto one or more of their own body. Plaintiff further contends that this principle of law is not affected by the resignation of the appointee as a member of the appointing body.

Defendants concede the general principle of law enunciated by plaintiff. They contend, however, that since defendants were not members of the appointing body at the time of their election, neither the statute nor the common law is applicable in their case. Their contention is predicated upon the phrase, "not of their own body", found in Section 8 of the Charter. They assert that this language must be interpreted quite differently from the words, "during the term of their office", or their equivalent, most frequently used in similar statutes. Conceding that the latter words relate to and embody the whole of the term of the office of the members, defendants say that the words, "not of their own body", relate specifically to the time of their appointment; that they do not therefore cover the whole of the term of the office for which the member was elected, but relate only to the actual time of his membership.

 We think that the distinction which the defendants make of these two clauses constitutes a distinction without a difference. Both the common law and the statute demand that the power of appointment be exercised fairly and impartially. In order to attain this purpose it is important that the deliberations of the appointing body not only be free from wrongdoing but free from suspicion of wrong as well. *Meglemery v. Wiessinger*, 140 *Ky*. 353, 131 *S. W*. 40, 31 *L.R.A., N.S.*, 575; *Parrish v. Town of Adel*, 144 *Ga*. 242, 86 *S. E*. 1095; *Wood v. Town of Whitehall*, 120 *Misc*. 124, 197 *N. Y. S*. 789. For this reason the general law has been laid down—reinforced in many instances by appropriate statutes—that it is contrary to public policy to permit a Board to exercise its power of appointment by desig-

nating some one from its own body. *Parrish v. Town of Adel, supra.* See 42 *Am. Jur., Officers,* Sec. 97, p. 955. Such purpose cannot be attained when the appointee as a member of the appointing body has the opportunity for a closer association and influence upon the members much greater than would be the case where the persons considered for appointment were not members of the appointing body.

In the present case the minutes of the Council demonstrate conclusively, we think, the fictitious nature of Council's action. The successive resignations and the successive filling of the vacancies thus created compel the conclusion that the whole thing was agreed upon in advance. It was one complete transaction, and was merely a subterfuge resorted to in order to nullify the charter provisions. The resignation of McDaniel as President of City Council and the resignation of Tobin as a member of the Council followed immediately by the election of Tobin as President of City Council, so that he in turn might vote for McDaniel as Mayor, were the same as if McDaniel and Tobin had each voted for himself. In such case the law will look beneath the form used to comply technically with the requirements of the statute and determine the purpose to be accomplished. If that purpose should be contrary to public policy, the appointing body will not be permitted by the juggling of positions to do indirectly what it could not do directly. *People ex rel. Shirey v. Pearson,* 121 *Misc.* 26, 200 *N. Y. S.* 60, affirmed 207 *App. Div.* 888, 201 *N. Y. S.* 936.

Even if we should assume, as might conceivably be the case, that under some circumstances a different construction might be given to a statute similar to the one in question, no such construction is called for here. The gyrations of the members of the Council at the meeting in producing the resignations of certain of its members and their almost immediate election to other offices for the very obvious purpose of appointing the resigning members of the appointing body to other offices placed the defendants in the same position as if they had been tech-

nically members of the Council at the time of their election. As far as they relate to the right of defendants to hold the respective offices to which they were allegedly appointed, the resignations and elections must be considered a nullity. *State ex rel. Hawthorne v. Wiseheart,* 158 *Fla.* 267, 28 *So.* 2d 589.

We are of the opinion that under both Section 8 of the Charter of the City of New Castle and under the common law, the filling of the vacancy in the office of Mayor by defendant McDaniel and the vacancy in the office of City Council by the defendant Tobin were illegal and void.

By agreement of counsel the answer to Question No. 2 is "No".

By agreement of counsel the answer to Question No. 3 is "No".