49136. WHITE et al. v. THE STATE.

EBERHARDT, Presiding Judge.

Appellants were jointly indicted by the Fulton County Grand Jury and charged with the offenses of armed robbery in Count 1, and bribery in Count 2. The jury found appellants not guilty of armed robbery but guilty of bribery. The bribery count of the indictment charged that "said accused, being police officers in the Police Department, a department of government of the City of Atlanta, a political subdivision of the State of Georgia, acting for and on behalf of said City of Atlanta and State of Georgia, did solicit and receive from Moses Ector eight hundred ninety-nine dollars ($899.00) in money of the value of $899.00, as a benefit, reward and consideration to which said officers were not entitled, with the purpose of influencing said officers in the performance of their duties related to the function of

their office and employment as such officers; the said officers having seized heroin, a narcotic drug, from the said Ector and having solicited and received said money from the said Ector for the purpose of influencing said officers and causing them to release and not incarcerate him and not to prosecute him for violation of the Uniform Narcotic Drug Act in the possession of said drug, and to return said drug to him. . ."

Prior to trial appellants filed a demurrer and motion to quash the indictment and both counts thereof, separately and severally, on the grounds that they were charged with malfeasance in office as state officials and were entitled to be served with a copy of the proposed indictment and to the other rights set forth in Code Ann. §§ 40-1617, 89-9908, none of which had been afforded them.

At the hearing on the motion, it was stipulated that appellants had not been afforded the rights provided for in Code Ann. §§ 40-1617, 89-9908, the state taking the position that appellants were not "state officials" entitled to the protection afforded by these statutes. The trial court agreed, overruled the motion, and appellants enumerate this as error. *Held:*

1. Code Ann. § 40-1617 provides: "Before an indictment against *any State official* charging him with misfeasance or malfeasance in office shall be laid before a grand jury, the rights provided in section 89-9908 relating to county officials shall be afforded the said *State official* and the Attorney General of Georgia shall be notified of such contemplated action, by the solicitor general of the county wherein the grand jury shall convene." (Emphasis supplied.) It is not disputed that appellants were charged with misfeasance or malfeasance in office, and the only question here is whether the police officers are "state officials."

The indictment charges that appellants were "police officers in the Police Department, a department of government of the City of Atlanta, a political subdivision of the State of Georgia, acting for and on behalf of said City of Atlanta *and* State of Georgia," and that they solicited and received a bribe for not enforcing the Uniform Narcotic Drug Act, a state regulatory and penal

statute found in Code Ann. § 79A-801 et seq.

The Supreme Court has found that various persons were not "state officials" entitled to the protection of § 40-1617 (see, e.g., *Jones v. Mills,* 216 Ga. 616 (118 SE2d 484) (director of tax unit); *Lowndes County v. Dasher,* 229 Ga. 289, 290 (3) (191 SE2d 82) (county tax commissioner) — but see *Cadle v. State,* 101 Ga. App. 175 (113 SE2d 180) (employee under control and supervision of Comptroller General)). The ruling made in *Payne v. State,* 153 Ga. 882 (113 SE 446) was expressly overruled in *Wood v. State,* 219 Ga. 509, 513 (134 SE2d 8), and it was there asserted that "a penal statute can not be expanded by implication to make it include any officer except an officer of the State and therefore it does not include municipal officers."

We held in *Best v. State,* 109 Ga. App. 553 (136 SE2d 496) that Code § 26-4102 is not to be expanded to include deputy sheriffs, and pointed out that the contra case of *Usry v. State,* 90 Ga. App. 644 (83 SE2d 843), which had relied for authority on *Payne v. State,* 153 Ga. 882, supra, "was in effect overruled by *Wood,* supra."

More recently the Supreme Court decided in *Humphrey v. State,* 231 Ga. 855 (204 SE2d 603) that a member of a city council is not a state official and is not entitled to the privileges provided to state officials under Code Ann. §§ 40-1617, 89-9907 and 89-9908. We hold that by the same token a municipal policeman, who is a lesser municipal officer holding his office under the authority of the city council acting under its charter and ordinances, and who holds no office or commission from or created by the laws and Constitution of the State, draws no compensation from the state for the performance of any state function, is simply not a state official and is not entitled to the statutory privileges referred to. "A State office can be created only by the Constitution or laws of this State." *Jones v. Mills,* 216 Ga. 616 (118 SE2d 484).

2. We have examined all other enumerations and find none to be meritorious.

*Judgments affirmed. Pannell and Evans, JJ., concur.*

Submitted March 6, 1974 — Decided May 13, 1974 —

REHEARING DENIED JUNE 11, 1974 — 

*Al Horn,* for appellants.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Carter Goode, William M. Weller,* for appellee.