### 32298. GALER v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM et al.

INGRAM, Justice.

This appeal is from a declaratory judgment of the Fulton Superior Court which held Code Ann. § 26-2309 (Rev. 1972) to be constitutional. This Code section is the statutory application of the separation of powers provision of the Georgia Constitution. See Code Ann. §

2-204 (Rev. 1977). Code Ann. § 26-2309 states in pertinent part: "It shall be unlawful for (a) members of the General Assembly to accept or hold office *or employment* in the executive branch of the State Government, or any agency thereof . . ." (Emphasis supplied.)

This case began in 1976 when the appellant, Mary Jane Galer, was elected to represent the 97th district in the Georgia House of Representatives. At the time of her election, she was employed by Columbus College as a tenured associate professor and librarian. Columbus College, a member institution of the University System, is an agency of the executive branch of the state government. See Code Ann. §§ 32-101 and 32-102 (Rev. 1976). Recognizing the applicability of Code Ann. § 26-2309, and in an attempt to satisfy its prohibition, appellant requested an unpaid leave of absence for the duration of her service in the General Assembly. This request was denied by the Board of Regents. The Board's decision was based on an opinion of the Attorney General which stated that an unpaid leave of absence would not abate the statutory proscription. See Op. Att. Gen. 76-117 (1976). Appellant then sought a declaratory judgment that the statute was unconstitutional as it applies to her. The Board of Regents prevailed in the trial court and we affirm the judgment of that court.

The sole issue before us is the constitutionality of Code Ann. § 26-2309.[1] Appellant argues that the statute is unconstitutional because it requires her to resign her teaching position as a condition to the exercise of her fundamental First Amendment right to hold public office. The Board of Regents argues strenuously that the right to serve in the General Assembly is not fundamental. We need not address the nature of the right asserted by the appellant because we think that, in any case, implementation of the separation of powers doctrine is sufficiently compelling to satisfy the constitutional test.

---

[1] This case does not involve broad restrictions on political activity such as those contained in the Hatch Act which are applicable to federal employees. See 5 USC §§

If we assume, but do not decide, that appellant's right to serve in the General Assembly is an extension of her rights of political association and expression, it would be clearly protected by the First Amendment. Cf. Elrod v. Burns, 427 U. S. 347 (96 SC 2673, 49 LE2d 547) (1976). It is equally clear, however, that government employees may be subject to restrictions on the exercise of these rights beyond that permissible if applied to private citizens. Broadrick v. Oklahoma, 413 U. S. 601 (93 SC 2908, 37 LE2d 830) (1973); CSC v. Letter Carriers, 413 U. S. 548 (93 SC 2880, 37 LE2d 796) (1973); United Public Workers v. Mitchell, 330 U. S. 75 (67 SC 556, 91 LE 754) (1947). Nevertheless, the restrictions must be in furtherance of a significant governmental interest. Here, the interest involved, as plainly stated on the face of the statute, is to enforce "the separation of powers provision of the Constitution." This is a compelling and significant reason for the legislation. As the Supreme Court noted, in another context, this doctrine is the means by which "democracy undertakes to preserve the liberties of the people from excessive concentrations of authority." United Public Workers v. Mitchell, supra, 330 U. S. at 91. Common sense suggests that this doctrine as applied through Code Ann. § 26-2309 is an attempt by the General Assembly to prevent the obvious conflicts of interest inherent in situations where an individual serves concurrently in two of the branches of state government. As such, we find the restriction imposed on employees of the executive branch to be reasonable and justifiable.

Of course, the state as an employer must balance the regulation of the activities of its employees with the rights of the employee as a citizen. See, e. g., Pickering v. Board of Education, 391 U. S. 563 (88 SC 1731, 20 LE2d 811) (1968). We believe the appropriate balance has been

---

1501-08, 7231-27. State employees are generally subject to similar restrictions. See Ga. Merit System of Personnel Administration Rules and Regulations, Rule 3. However, these restrictions apply only to "classified" employees. Code Ann. § 40-2206 (b) (Rev. 1975). Faculty members in the University System are in "unclassified service" and are not covered by the Merit System rules. Code Ann. § 40-2202 (a)(2)(ix) (Cum. Supp. 1976).

struck in this case. The prohibition of Code Ann. § 26-2309 applies to *all* employees of the executive branch without discrimination. The statute allows each employee to participate fully in political activities and in no way restricts political association or expression. Obviously the appellant was subjected to no restriction on her rights as she campaigned for, and was elected to, public office. The only right curtailed by the statute is the right to continue to hold employment with an agency of the executive branch while serving in the General Assembly. In other words, appellant may hold either position but she may not hold them at the same time. Thus, considering the infringement on appellant's personal rights and the significant public interest advanced by Code Ann. § 26-2309, we hold that the judgment below is correct.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

ARGUED MAY 11, 1977 — DECIDED JUNE 20, 1977.

*Haas, Holland, Levison & Gibert, Richard G. Garrett,* for appellant.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Jeff Davis, Staff Assistant Attorney General,* for appellees.

HALL, Justice, dissenting.

I dissent on the ground that declaratory judgment is not the appropriate remedy to determine the constitutionality of a criminal statute.