## 38560. FOWLER et al. v. MITCHAM.

MARSHALL, Justice.

L. G. Mitcham, as relator, naming Larry Fowler and James Fuller as respondents, filed an information in the nature of a quo warranto, seeking to have the respondents vacate their positions as policemen for the City of Ludowici on the ground that, since they both served on the city council of that municipality, they were in violation of Code Ann. § 69-201 (Ga. L. 1957, pp. 97, 98): "A councilman or an alderman of a municipality shall be ineligible to hold any other *municipal office* during the term of office for which such councilman or alderman was chosen, unless first resigning as councilman or alderman before entering such other office; this section shall apply to all elected officials of a municipality. Any such councilman or alderman may if otherwise qualified resign such present position and run for any other city office for which he or she is qualified." (Emphasis supplied.) The trial court granted the writ of quo warranto, declaring the offices of city policemen held by the respondents to be vacant. The respondents appeal. *Held*: We affirm.

The only error enumerated by the appellants is that the trial court erred in holding that the position of city policeman is a "municipal office," and that they were disqualified to hold that office, since they were city aldermen.

"[A] municipal policeman, who is a lesser *municipal officer* holding his office under the authority of the city council acting under its charter and ordinances, and who holds no office or commission from or created by the laws and Constitution of the State, draws no compensation from the state for the performance of any state function, is simply not a state official. . ." (Emphasis supplied.) *White v. State,* 132 Ga. App. 62, 64 (207 SE2d 577) (1974), affd., 233 Ga. 593 (212 SE2d 777) (1975).

The fact that a city policeman has been held to be "an officer of this State," within the meaning of the State criminal law on bribery, *Payne v. State,* 153 Ga. 882 (2) (113 SE 446) (1922), does not negate the fact that he is also a *municipal* officer. Furthermore, *Payne* was

overruled by *Wood v. State,* 219 Ga. 509 (134 SE2d 8) (1963), which held, at p. 513, that "[u]nder the uniform rule of strict construction, a penal statute can not be expanded by implication to make it include any officer except an officer of the State and therefore *it does not include municipal officers. Truesdel v. Freeney,* 186 Ga. 288 (197 SE 783)." (Emphasis supplied.) *Burke v. State,* 76 Ga. App. 612, 626 (47 SE2d 116) (1948) — which the appellants cite for the proposition in *Payne v. State,* 29 Ga. App. 156 (2b) (114 SE 226) (1922), that a city policeman is an officer of this state (overruled in *Payne v. State,* 153 Ga. 882, supra) — states: "Each member of the police force *holds an office* because the powers conferred can be exercised only by a public officer." (Emphasis supplied.)

The appellants argue that the State Code defines "law enforcement officer" so as to make city policemen "employees," rather than officers, citing Code Ann. § 89-1802 (b) (Ga. L. 1978, pp. 1914, 1915; 1980, pp. 700, 701; 1981, p. 477): " 'Law enforcement officer' shall mean any agent or officer of this State, or a political subdivision or municipality thereof, who, as a full- or part-time *employee,* is vested either expressly by law or by virtue of public employment or service with authority to enforce the criminal or traffic laws and whose duties include the preservation of public order, the protection of life and property, or the prevention, detection, or investigation of crime." (Emphasis supplied.) Assuming the applicability of this statute, the fact that the appellants may have been employees in their position as city policemen does not necessarily contraindicate their status as office holders in that same position. Indeed, the statute itself refers to "law enforcement *officer*" and defines the term, inter alia, as any "officer." Black's Law Dictionary (4th Ed.) defines "employee" in part as follows: "The word may be more extensive than 'clerk' or 'officer,' and may signify any one in place, or having charge or using a function, *as well as one in office . . .* The term is often specially defined by statutes; and whether one is an employee or not within a particular statute will depend upon facts and circumstances."

Black's Dictionary, supra, defines "officer" in part as follows: "An 'officer' is distinguished from an 'employee' in the greater importance, dignity, and independence of his position, in requirement of oath, bond, more enduring tenure, and fact of duties being described by law . . . In determining whether one is an 'officer' or 'employee,' important tests are the tenure by which a position is held, whether its duration is defined by the statute or ordinance creating it, or whether it is temporary or transient or for a time fixed only by agreement; whether it is created by an appointment or election, or merely by a contract of employment by which the rights of

the parties are regulated; whether the compensation is by a salary or fees fixed by law, or by a sum agreed upon by the contract of hiring."

With regard to the manner in which the position of policeman is filled, section 15(b) of the charter of the City of Ludowici (Ga. L. 1980, Vol. II, pp. 3667, 3673) provides in part as follows: "The city council shall also at said meetings *elect* for said city a chief of police, and as many *policemen* as they deem necessary; a clerk and treasurer; one person being hereby made eligible to fill both offices; a city attorney, and they may *elect* such other *officers and employees* of said city as they may deem necessary, and they shall have power to fix and provide for the salaries or compensation of the officers or employees so *elected.* All of said *officers* shall be *elected* for terms of one year, and until their successors shall be *elected* and qualified, unless sooner discharged and removed from office." Even if the charter did not provide for "election" of policemen, moreover, the provision of § 69-201, supra, "this section shall apply to all elected officials of a municipality," does not necessarily mean that it shall apply solely to such elected officials. In this connection, we note that Code Ann. § 89-1802 (b), supra, as originally enacted by Ga. L. 1978, pp. 1914, 1915, prior to its amendment by Ga. L. 1981, p. 477, referred to "employment, whether by election or appointment."

A further persuasive reason for construing § 69-201 so as to prohibit the appellants from simultaneously holding the offices of aldermen and policemen of the city, is alluded to in Paragraph 5 of the trial court's conclusions of law. Consistently with the common-law rule against conflicts of interest in local government, our courts have held that it is contrary to public policy to permit an official board having the power to appoint to an office to exercise that power by appointing one or more of their own body, unless the statute conferring the appointing power expressly authorizes self-appointment. See *Culpepper v. Veal,* 246 Ga. 563 (272 SE2d 253) (1980) and cits.; *Welsch v. Wilson,* 218 Ga. 843 (2) (131 SE2d 194) (1963) and cits.; *Parrish v. Town of Adel,* 144 Ga. 242 (1) (86 SE 1095) (1915). This is analogous to the effect of Code Ann. § 26-2309 (Ga. L. 1968, pp. 1249, 1309), which enforces the separation-of-powers provision of our State Constitution as to *state* offices. See *Galer v. Board of Regents,* 239 Ga. 268 (236 SE2d 617) (1977). If permitted to serve in their dual capacities as aldermen (legislative) and policemen (executive), the appellants could not only vote to set their own salaries, but also enforce ordinances which they had participated in enacting.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1982.

*Richard D. Phillips,* for appellants.
*Lewis M. Groover, Jr.,* for appellee.