155 N.J. Super. 249 (1978)
382 A.2d 686
THOMAS G. DUNN, AS MAYOR OF THE CITY OF ELIZABETH, NEW JERSEY, AND THE CITY OF ELIZABETH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
RALPH G. FROEHLICH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1977.
Decided January 5, 1978.
*251 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Harvey M. Douglen argued the cause for appellant (Messrs. Stier and Douglen, attorneys).
Mr. John R. Weigel argued the cause for respondents (Mr. Frank P. Trocino, attorney).
The opinion of the court was delivered by KOLE, J.A.D.
The question presented by this appeal is whether the offices of municipal policeman  here a lieutenant  and councilman are incompatible, thereby precluding defendant from simultaneously holding both. The trial judge found that they were incompatible. He granted plaintiffs' application for a declaratory judgment and an injunction *252 prohibiting defendant's dual officeholding and requiring him to make an election between offices.[1]
Defendant contends that a policeman is not an officer, and thus the doctrine of incompatibility of offices cannot apply to him. This claim is clearly without merit. Policemen are public officers, as opposed to employees of, or holders of positions in, the government. Springfield Tp. v. Pedersen, 73 N.J. 1, 5 (1977); Trainor v. Newark, 145 N.J. Super. 466, 473 (App. Div. 1976); Mercadante v. Paterson, 111 N.J. Super. 35, 38 (Ch. Div. 1970), aff'd o.b. 58 N.J. 112 (1971). Moreover, courts have applied the doctrine of incompatibility of offices to policemen upon the apparent, but unexpressed, assumption that policemen are officers. Kaufman v. Pannuccio, 121 N.J. Super. 27 (App. Div. 1972), certif. den. 62 N.J. 192 (1972); O'Connor v. Calandrillo, 117 N.J. Super. 586 (Law Div. 1971), aff'd 121 N.J. Super. 135 (App. Div. 1972), certif. den. 62 N.J. 193 (1973), cert. den. 412 U.S. 940, 93 S.Ct. 2775, 37 L.Ed. 2d 399 (1973).
Defendant also argues that no incompatibility exists between these two offices. The doctrine of incompatibility of offices is a common law creation, arising out of the public policy that an officeholder's performance not be influenced by divided loyalties. Schear v. Elizabeth, 41 N.J. 321, 325 (1964). An incompatibility exists whenever the statutory functions and duties of the offices conflict, as when one is subordinate to the other, subject to its control, or requires the officer to choose one obligation over another. Schear, supra; McDonough v. Roach, 35 N.J. 153, 155 (1961); Reilly v. Ozzard, 33 N.J. 529, 543 (1960); Jones v. MacDonald, 33 N.J. 132, 135 (1960); DeFeo v. Smith, 17 N.J. 183 (1955).
*253 When the incompatibility inheres in the statutory sources of the offices, as opposed to the personal interests of the officer in question, the offices are incompatible. McDonough, supra, 35 N.J. at 157; Reilly, supra, 33 N.J. at 545, 549; Jones v. MacDonald, supra, 33 N.J. at 137-138; Brown v. Healey, 80 N.J. Super. 1, 6-7 (App. Div. 1963).
When such a statutory conflict of duties exists, it is not enough (as suggested by defendant) for the officeholder to disqualify himself when the conflict arises or to decline to act in the areas of conflict. The doctrine was designed to avoid the necessity for such an option, and the admitted need for such inaction is the most compelling proof that an incompatibility exists. Jones v. MacDonald, supra, 33 N.J. at 137-138; Kaufman, supra, 121 N.J. Super. at 31.
An examination of the statutory duties of the offices compels the conclusion that they result in an incompatibility. Elizabeth is organized under Mayor-Council Plan F of the Faulkner Act, N.J.S.A. 40:69A-74 to 80. Under N.J.S.A. 40:69A-74, providing for the Mayor-Council Plan F, the provisions of N.J.S.A. 40:69A-2 to 30 and 40:69A-36 to 48, are incorporated as governing any municipality adopting that form of government.
Thus, the council is empowered to investigate municipal departments and officers and to remove any municipal officer, other than the mayor or a member of the council. N.J.S.A. 40:69A-37. As a councilman and a policeman defendant would be statutorily charged with detecting and punishing misconduct within the police department and would in effect sit in judgment of his supervisor within the department. Such a conflict renders the offices incompatible. Jones v. MacDonald, supra, 33 N.J. at 137-138. In addition, N.J.S.A. 40:69A-46 confers upon the council budget approval powers, creating the potential for defendant to influence his own salary and departmental allocations. Moreover, N.J.S.A. 40:69A-43(b), (c), (d) and (e) invest a councilman with a role in appointing and removing department heads and in creating and abolishing offices. Defendant *254 might thus have to decide on the continuance of his own job, as well as that of his supervisor.
We have concluded that the cases of Kaufman v. Pannuccio, supra, and O'Connor v. Calandrillo, supra, plainly support the result we have reached.
We have considered the other contentions of appellant and find them to be clearly without merit.
Affirmed.
NOTES
[1] Since the determination below, defendant was elected Sheriff of Union County. We do not consider this fact as mooting the issues presented on this appeal.