ADOLPH CHRISTOPHER

*v.*

CITY OF FAIRMONT, *et al.*

(No. 14955)

Decided July 17, 1981.

*Ross Maruka* and *C. Patrick Carrick* for appellant.

*George R. Higinbotham* for appellees.

PER CURIAM:

The City of Fairmont, without following the procedures specified in the rules and regulations of the city merit system, discharged the appellant, Adolph Christopher, from city employment. On appeal, the Circuit Court of Marion County affirmed the City's action. The court concluded that the appellant was a city officer within the meaning of *W.Va. Code* 6-6-8 [1931] and that as such he was not entitled to civil service procedural safeguards. The appellant now asserts that the circuit court erred in so ruling. We agree, and we reverse the court's decision.

On October 23, 1978, the appellant, who had been appointed Water Transportation and Distribution Supervisor for the City of Fairmont, was notified by Richard J. Bowen, the City Manager, that he was suspended without pay and that he would "be subject to discharge from the aforesaid position on 8 November 1978 on the grounds of incompetence and inefficiency in the performance of the position's duties."

After receiving this notification the appellant requested a hearing before the Personnel Appeals Board of the City of Fairmont, pursuant to the provisions of the Merit System Personnel Rules and Regulations of the City of Fairmont. The request was granted, and on January 4, 1979, a hearing was held before the Board. In the course of the hearing the testimony of the witnesses was not sworn or recorded. Also no subpoena powers were exercised or conferred, and consequently witnesses who might have testified in the appellant's behalf, and whose attendance the appellant requested, failed to appear.

At the conclusion of the hearing the Board recommended to the city manager that the appellant be suspended and

demoted rather than suspended and discharged. In spite of the Board's recommendation, the city manager decided to discharge the appellant, and by letter dated March 12, 1979, discharged him effective October 23, 1978.

The appellant, contending that the Board's procedures failed to meet minimum procedural due process standards, appealed to the Circuit Court of Marion County. After considering the briefs submitted by the parties, the court upheld the City's action. The judge's memorandum opinion stated:

> "It is my opinion that plaintiff was an officer, as opposed to a mere employee, of defendant city. This is based upon my review of the job description of Water Superintendent as found in Ordinance No. 396, and my understanding of the meaning of the term 'officer.'

> "Further, *West Virginia Code,* 6-6-8 provides for termination of an officer with or without good cause. Thus, I find no irregularities or illegalities in the action of the defendants."

The appellant now contends that the court misapplied *W.Va. Code,* 6-6-8 [1931] and that the procedures followed by the Appeal Board failed to comply with minimal due process standards.

*W.Va. Code* 6-6-8 [1931] provides:

> "Removal of appointive county, district or municipal officers without fixed terms.

> "The court, body or officer authorized by law to appoint any person to any court, magisterial district, independent school district, or municipal office, the term or tenure of which is not fixed by law, may remove any person appointed to any office by such court, board, body or officer, with or without cause, whenever such removal shall be deemed by it, them or him for the good of the public service, and the removal of any such person from office shall be final."

This statute is a part of Chapter 6, of the West Virginia Code which deals generally with "public officers."

We have recognized that there is a legal distinction between a "public officer" and a "public employee" and that:

"As a general rule it may be stated that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which are continuing in their nature and not occasional or intermittent. But one who merely performs the duties required of him by persons employing him under an express or implied contract, though such persons themselves be public officers, and though the employment be in or about public work or business, is a mere employee." *State ex rel. Key v. Bond,* 94 W.Va. 255, 260, 118 S.E. 276, 279 (1923).

We have also stated:

"Among the criteria to be considered in determining whether a position is an office or a mere employment are whether the position was created by law; whether the position was designated as an office; whether the qualifications of the appointee have been prescribed; whether the duties, tenure, salary, bond and oath have been prescribed or required; and whether the one occupying the position has been constituted a representative of the sovereign." Syl. pt. 5, *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970).

The principal evidence in the record of the case before us of the appellant's job responsibilities is contained in a job description which provides:

*GENERAL STATEMENT OF DUTIES*; Manages, as a department head under direction of City Commissioner, water production, distribution and water metering facilities for the City; does related work as required.

*"DISTINGUISHING FEATURES OF THE CLASS*: This is a supervisory and administrative position for the operation of water production and distribution facilities of the City. Administrative

> supervision is exercised over all activities of the water department. The work is performed in accordance with the policy direction of City officials and governing State and local statutes pertaining to these activities."

There is no evidence that the job position was specifically created by statute or city charter* provisions or that the appellant was required to take an oath or make bond to hold the position. There likewise is no evidence that the duties, tenure, or salary of the position were prescribed by statute. Lastly it is clear from the job description and city charter that the appellant was subject to the supervision and policy direction of city officials, especially the city manager. From this we conclude that there was no delegation of sovereignty to him. Because of all this we conclude that the appellant was a public employee rather than a public officer and that the circuit court did err in holding that the appellant was a public officer not entitled to safeguards designed to insure that he be afforded due process of law.

The judgment of the Circuit Court of Marion County is, therefore, reversed, and this case is remanded with directions that the appellant be afforded the procedural safeguards afforded other persons covered by the City's Merit System rules and regulations.

*Reversed and remanded.*

---

* The city charter specifically provides for the offices of councilmember, mayor, city clerk, city manager, city attorney, municipal judge, members of the city planning commission, board of adjustment, and hospital board. The charter also provides:

"There shall be in the city government a police department, a department of public works, a department of finance, and such other administrative departments as may by ordinance be created by the council. The city manager shall appoint as the head of each department a chief, supervisor or director, who shall be responsible for the efficient administration of the department, subject to the supervision and control of the manager."