331 S.E.2d 494

**Jerry H. MULLINS, Barbara S. Mullins, Thomas Zachory Mullins, et al.**

v.

**David KISER and Lincoln County Board of Education.**

No. CC946.

Supreme Court of Appeals of West Virginia.

April 30, 1985.

Decided June 11, 1985.

Daniel F. Hedges, Charleston, for plaintiffs.

William B. McGinley, W.V.E.A., Charleston, for defendants.

BROTHERTON, Justice:

This case is before the Court on the following certified question from the Circuit Court of Lincoln County: "Whether an employee of a County Board of Education may be removed pursuant to the proceedings under W.Va. Code § 6–6–7." In certifying this issue, the circuit court indicated that it would rule in the negative. We agree, for the reasons set out below.

West Virginia Code § 6–6–7 (1979) provides for removal by a circuit court of a person holding "any county, magisterial district, independent school district, or municipal office, including the office of a member of a board of education, the term or tenure of which office is fixed by law, whether elected or appointed thereto ..." for official misconduct, malfeasance in office, incompetence, neglect of duty, or gross immorality. A complaint may be brought under this section by five or more voters.

The respondent, David Kiser, is a tenured teacher at Duval High School, a public school in Lincoln County. The petitioners, residents of Lincoln County, filed suit in the circuit court to have Kiser removed under the provisions of Code § 6–6–7. They asserted misconduct based on an incident in which petitioner Jerry Mullins, a 17-year-old student with a learning disabili-

ty, allegedly was held captive for an afternoon by five students under the direction of David Kiser.

The petitioners rely on *Hall v. Pizzino*, 164 W.Va. 331, 263 S.E.2d 886 (1980), as authority for finding that a public school teacher is a public official subject to suit under the code section quoted above. The Court in that case held that a county superintendent of schools elected by a board of education was an officer subject to removal under § 6–6–7. 164 W.Va. at 336, 263 S.E.2d at 889. The Court based its decision on the history of the statutory section, numerous decisions holding that a county superintendent is a public official for other purposes, and on the nature of the powers and duties exercised by a county superintendent independent of the school board. 164 W.Va. at 336, 263 S.E.2d at 888.[1] The Court noted that the legislature has directed expressly that members of boards of education are subject to removal under § 6–6–7, and concluded that there was no real distinction between the character of the two offices that would warrant the conclusion that board members are officers subject to removal by the circuit courts while county superintendents are not. *Id.*

In contrast, a teacher is not a "public official," either as that term commonly is understood, or as it has been defined by this Court. In *Christopher v. City of Fairmont*, 167 W.Va. 710, 280 S.E.2d 284 (1981), this Court, in holding that a city supervisor was a public employee rather than a public officer, quoted the following test:

As a general rule it may be stated that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which are continuing in their nature and not occasional or intermittent. But one who merely performs the duties required of him by persons employing him under an express or implied contract, though such persons themselves be public officers, and though the employment be in or about public work or business, is a mere employee.

167 W.Va. at 713, 280 S.E.2d at 285, *quoting State ex rel. Key v. Bond*, 94 W.Va. 255, 260, 118 S.E. 276, 279 (1923). *See also* syl. pt. 5, *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970). A public school teacher is an employee under this test, and is not a public officer subject to removal under Code § 6–6–7. His position is not created by law, and he does not exercise any portion of the "sovereign power" of the State. He performs contractual duties under the direction of public officials, but is not one himself.

The Code contains specific provisions for the suspension or dismissal of school board employees, including teachers. Code § 18A–2–8 (1984) provides that "[a] board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance, or wilful neglect of duty ...," and gives the employee so affected an opportunity to be heard by the board prior to dismissal, and in many cases a right of appeal to the state superintendent of schools. Although this section and § 6–6–7 are not mutually exclusive, *compare Hall v. Pizzino, supra* (county superintendent subject to removal under Code § 6–6–7), *with Smith v. Siders*, 155 W.Va. 193, 183 S.E.2d 433 (1971) (county superintendent subject to removal under § 18A–2–8), teachers fall clearly within the scope of § 18A–2–8, and clearly outside the scope of § 6–6–7.

With regard to the procedures provided under § 18A–2–8, the petitioners assert that if there is no remedy under § 6–6–7, citizens are constrained to proceed through county boards of education for the dismissal of a teacher, and that this is

---

1. The powers and duties of county superintendents are set forth in Code §§ 18–4–10 and –11 (1984), and include acting as chief executive officer of the board of education, executing educational policies of the State board, nominating personnel, assigning, transferring, suspending, or promoting teachers and other employees (subject to board approval), and closing schools when conditions are detrimental to health, safety, or welfare of the pupils.

ineffective for two reasons: Citizens have no recourse if the board decides not to act; and if the board does act it must allow the offending teacher an improvement period pursuant to West Virginia Board of Education Policy No. 5300(6)(a). We do not find these concerns persuasive. First, a public school employee may be dismissed on a complaint initiated by a citizen outside the school system. *Mason Cty. Bd. of Educ. v. State Supt. of Schools*, 165 W.Va. 732, 274 S.E.2d 435, 439 (1981). A school board has a duty to consider and act on such citizens' complaints, and may be compelled to do so by appropriate legal action if its inaction is arbitrary. *See, e.g., State ex rel. Withers v. Board of Educ.*, 153 W.Va. 867, 879–81, 172 S.E.2d 796, 802–04 (1970). Second, the improvement period requirement applies only to behavior that is correctable, syl. pt. 1, *Mason Cty. Bd. of Educ. v. State Supt. of Schools, supra*, and does not prevent the immediate discharge of a teacher in appropriate circumstances.

We affirm the ruling of the circuit court upon the question certified, and remand the action for disposition in accordance with this opinion.

Certified question answered; case remanded for disposition.