## 72827. HUGHLEY v. CITY OF THOMASTON.
### (348 SE2d 570)

BANKE, Chief Judge.

While an employee of the Thomaston-Upson County Recreation Commission, the appellant ran for and was elected to a 2-year term of membership on the City Council of the City of Thomaston, commencing January 1, 1986. Prior to his inauguration, the City of Thomaston applied for and obtained a declaratory judgment to the effect that the appellant was ineligible to take the oath of office as city councilman unless and until he resigned his employment with the recreation commission. This appeal followed.

The Thomaston-Upson County Recreation Commission was created in 1975 by contract between the City of Thomaston and Upson County. The commission consists of seven members. Three are appointed by the city, three by the county, and one by joint action of both governing bodies. Members serve at the pleasure of the governing entity or entities which appointed them.

Under the terms of the contract, it is the duty of the commission

to "plan and organize a joint recreation and leisure time program for the citizens of [the] county and city and to promulgate rules and regulations to govern the operation of the . . . recreation complex. . . ." It is also the duty of the commission to select and hire employees to carry out its programs, including a director, who is charged with supervisory authority over "all other personnel employed by the Commission."

Aside from the fact that three of the seven commission members serve at the pleasure of the city and a fourth at the pleasure of the city and county jointly, the city's control over the commission is limited to its power, exercised jointly with the county, to approve or disapprove, in whole or in part, the commission's budget. The contract provides, however, that failure to reach agreement on a budget results in a minimum budget for the commission in the amount of $50,000. *Held*:

"Among the rights of citizens, as declared in the Code [currently by OCGA § 1-2-6 (a) (5)], [is] the right to hold office unless disqualified by the constitution and laws. . . . All citizens are entitled to exercise all their rights as such, unless specifically prohibited by law [OCGA § 1-2-6 (b)]. So the right of a citizen to hold office is the general rule, ineligibility the exception; and therefore a citizen may not be deprived of this right without proof of some disqualification *specifically declared by law*. [Cits.]" *Patten v. Miller*, 190 Ga. 123, 139 (8 SE2d 757) (1940). (Emphasis supplied.)

We have been cited to and are aware of no specific provision in the laws or constitution of this state which purports to disqualify an employee of a joint city-county commission from serving simultaneously as a member of the city council. In reaching the conclusion that the appellant was so disqualified, the trial court relied heavily upon the Supreme Court's decision in *Fowler v. Mitcham*, 249 Ga. 400 (291 SE2d 515) (1982), wherein former Code Ann. § 69-201 (currently OCGA § 36-30-4) was construed to prohibit members of the city council for the City of Ludowici from simultaneously serving as policemen for that municipality. OCGA § 36-30-4 provides, in pertinent part, as follows: "A councilman or alderman of a municipal corporation shall be ineligible to hold any other municipal office during the term of office for which the councilman or alderman was chosen unless he first resigns as councilman or alderman before entering such other office."

In addition to relying on the above code section, the Supreme Court also based its decision in *Fowler v. Mitcham* on the following public policy grounds: "Consistently with the common-law rule against conflicts of interest in local government, our courts have held that it is contrary to public policy to permit an official board having the power to appoint to an office to exercise that power by appointing one or more of their own body, unless the statute conferring the ap-

pointing power expressly authorizes self-appointment. [Cits.] . . . If permitted to serve in dual capacities as aldermen (legislative) and policemen (executive), the appellants could not only vote to set their own salaries, but also enforce ordinances which they had participated in enacting." Id. at 402.

Assuming, without deciding, that the appellant's job with the Thomaston-Upson County Recreation Commission could properly be considered a "municipal office" within the contemplation of OCGA § 36-30-4, and further assuming, without deciding, that his simultaneous service as a Thomaston city councilman would result in an impermissible conflict of interest within the contemplation of *Fowler v. Mitcham*, it is nevertheless clear to this court that the result would not be to disqualify the appellant from holding the office of city councilman but rather to render him ineligible to continue his employment with the commission while serving as a councilman.

The Supreme Court's decision in *Fowler v. Mitcham* is not authority for a contrary conclusion, for the plaintiff in that case did not sue, as does the City of Thomaston in this case, to have the defendant councilman declared ineligible to hold such elective office. Rather, he sought, by application for a writ of quo warranto, to have the councilmen's jobs as city policemen declared vacant. Similarly, in *Parrish v. Town of Adel*, 144 Ga. 242 (86 SE 1095) (1915), and *Welsch v. Wilson*, 218 Ga. 843 (2) (131 SE2d 194) (1963), the issue was not whether the elected officials in question were legally competent to serve in that capacity but whether they could lawfully name themselves to certain appointive offices while doing so. Although the case of *Culpepper v. Veal*, 246 Ga. 563 (272 SE2d 253) (1980), did involve the removal of an elected official — a member of a county board of education — based on his simultaneous employment by another county board of education, that decision was compelled by a specific statute — former Code Ann. § 32-903.1 — declaring that no person could serve as a member of a county board of education while employed by or serving on the board of education of another public school system. As previously noted, there is no such statute governing the appellant's eligibility to hold the elective office at issue in the present case; and pursuant to OCGA § 1-2-6 (a) (5) and the Supreme Court's decision in *Patten v. Miller*, supra, he must be deemed eligible to hold the office in the absence of a specific statutory or constitutional provision disqualifying him.

The specific issue which the superior court was asked to address in this case was whether the appellant was eligible to take the oath of office as a member of the City Council of Thomaston while employed by the Thomaston-Upson County Recreation Commission. Pursuant to the foregoing, that question must be answered in the affirmative. No ruling was made or sought on the corollary issue of whether the

appellant may lawfully continue his employment with the recreation commission after assuming the office of city councilman. Indeed, it is not at all clear that the city would have standing to seek such a ruling in a declaratory judgment action. See generally *Sumner v. Davis*, 211 Ga. 702 (1) (88 SE2d 392) (1955). Consequently, it would not be appropriate for this court to attempt to express an opinion on that issue at the present time.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 16, 1986 —
REHEARING DENIED SEPTEMBER 4, 1986 ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Neil T. Bradley, M. Laughlin McDonald, Paula E. Bonds*, for appellant.

*Ronald Barfield*, for appellee.