The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This official Attorney General opinion is rendered in response to certain questions you have raised concerning the issue of a city employee running for city council. You have asked:
 (1) Can a full-time civil service employee of a city run for city council within that same city, and if elected, can such person lawfully serve in both capacities?
 (2) Can a non-civil service employee of a city run for city council within that same city and if elected, lawfully serve in both capacities?
 (3) Can an employee of a city water and sewer department, which is under a commission created pursuant to A.C.A. § 14-234-303 and A.C.A. § 14-235-206, run for city council and if elected, lawfully serve in both positions?
 (4) Would the answers to any of the above questions be different if the employee in question declined to accept a salary from the city council position?
RESPONSE
Question 1 — Can a full-time civil service employee of a city run forcity council within that same city, and if elected, can such personlawfully serve in both capacities?
It is my opinion that the answer to this question will depend upon the particular position held by the civil service employee in question. As explained more fully below, the concurrent service that you have described could be prohibited by the common law doctrine of incompatibility if the position is one that constitutes an "office," and if the two positions are found to be incompatible. If the position does not constitute an "office," the concurrent service is permissible.[1]
As a general matter, political activity by municipal employees is explicitly authorized by the provisions of Act 1214 of 1997. That Act states:
 SECTION 1. Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law as pertains to employees.[2]
 SECTION 2. All provisions of this act of a general and permanent nature are amendatory to the Arkansas Code of 1987 Annotated and the Arkansas Code Revision Commission shall incorporate the same in the Code.
 SECTION 3. If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.
 SECTION 4. All laws and parts of laws in conflict with this act are hereby repealed.
Acts 1997, No. 1214.
Political activity by civil service employees was previously prohibited by A.C.A. §§ 14-49-306(b) and 14-50-306(b). However, it is my opinion thatAct 1214 of 1997 had the effect of repealing those statutory prohibitions. Although Act 1214 does not expressly repeal these former provisions, it does so by implication. The Arkansas Supreme Court has consistently held that repeal by implication is accomplished where the earlier and later statutory provisions are invincibly repugnant to one another. Board Of Trustees v. Stodola, 328 Ark. 194,
942 S.W.2d 255 (1997), citing Donoho v. Donoho, 318 Ark. 637, 639,887 S.W.2d 290, 291 (1994). The court has also stated: "`[A] repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject matter of a former statute and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new.'" Morrison v.Jennings, 328 Ark. 278, 293, 943 S.W.2d 559 (1997), quoting Uilkie v.State, 309 Ark. 48, 53, 827 S.W.2d 131, 134 (1992), quoting Berry v.Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964).
Because Act 1214 of 1997, by explicitly allowing political activity of municipal employees, is directly repugnant to the provisions of A.C.A. §§14-49-306(b) and 14-50-306(b), which explicitly disallowed such political activity by municipal civil service employees, it is my opinion that Act 1214 had the effect of repealing those provisions. Accordingly, political activity by municipal employees is, as a general matter, statutorily authorized.
Nevertheless, the question of whether the employee in question can serve as both a civil service employee and a city council member must be analyzed under the body of law governing concurrent service in two positions. I find that one aspect of this body of law — the common law doctrine of "incompatibility" — could prohibit such concurrent service if the civil service position in question constitutes an "office," and if the two positions are found to be incompatible.
Concurrent service in two positions can be prohibited in three ways: (1) By a specific constitutional provision; (2) By a specific statutory provision; or (3) By the common law doctrine of "incompatibility." SeeByrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). I find no constitutional or statutory provisions that prohibit the situation.[3]
However, the common law doctrine of incompatibility may prohibit it.
This office has traditionally interpreted the common law doctrine of incompatibility to apply to situations involving two "offices." See,e.g., Ops. Att'y Gen. Nos. 95-187, 94-031, 93-184, 87-96. See also 63A Am.Jur.2d § 69.[4] Therefore, if the particular position held by the civil service employee in question constitutes an "office," it may fall within the scope of the incompatibility doctrine.
The Arkansas Supreme Court has stated that an "office" is indicated by the following characteristics: (1) The holder of the position exercises some part of the State's sovereign power; (2) The tenure, compensation, and duties are usually fixed by law; (3) The holder of the position takes an oath of office; (4) The holder of the position receives a formal commission; (5) The holder of the position gives a bond. See, e.g.,Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). By contrast, in a position that is not an "office," some or all of the characteristics listed above are lacking. Id. The court has further found that the position of a civil service firefighter is indistinguishable from an "office," and has held, accordingly, that the person holding that position is an "officer" of the municipality. In that regard, the court stated:
 Appellee [a civil service firefighter] was undoubtedly an officer of the city of Fort Smith. This court, in Lucas v. Futrell, 84 Ark. 540, 106 S.W. 667, quoted approvingly from U.S. v. Maurice, 2 Brock. 96, Fed. Cas. No. 151, 747, where Chief Justice Marshall, speaking for the court, said: "An office is defined to be a public charge or employment, and he who performs the duties of the office is an officer. * * * Although an office is an employment, it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to do an act or perform a service, without becoming an officer. But if a duty be a continuing one, which is defined by rules prescribed by the Government, and not by contract, which an individual is appointed by Government to perform, who enters on the duties appertaining to his station, without any contract defining them, if those duties continue, though the person be changed, it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer."
Fort Smith v. Quinn, 174 Ark. 863, 866, 296 S.W. 722(1927). Accord, Op. Att'y Gen. No. 92-014. Similarly, this office has assumed that a municipal police officer is an "officer," for purposes of the doctrine of incompatibility. Op. Att'y Gen. No. 91-415.
The positions held by some municipal civil service employees could conceivably fall within the scope of what the court has determined to be "offices." The question of whether a particular civil service position falls within this scope is a question of fact that must be determined by the nature of that particular position. If a civil service position does constitute an "office" as that term has been defined by the court, and if the two positions are found to be incompatible, as explained below, the holder of that position would be prohibited by the doctrine of incompatibility from serving on the city council. If, however, the position does not constitute an office, the situation need not be analyzed under the doctrine of incompatibility. Because of the fact-specific nature of this inquiry, I cannot opine generally as to the applicability of the doctrine of incompatibility to civil service employees.
In any event, if a particular civil service position is deemed to constitute an office, the holder of that position will be prohibited from serving on the city council only if the two positions are "incompatible."
The Arkansas Supreme Court has stated that two offices are "incompatible" (and thus may not be held by the same person) if "there is a conflict of interests." Byrd, supra, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. HelenaFed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937).
If the position of the civil service employee in question is an "office," and is subordinate to the city council in one of the ways described by the court above, the employee would be prohibited by the doctrine of incompatibility from serving on the city council.
It should be noted that if a civil service employee should be elected to the city council, he or she will be subject to the provisions of A.C.A. § 21-8-304, under which public officials such as city council members are prohibited from using their public positions to obtain personal benefits. That statute states:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
A.C.A. § 21-8-304(a).
This provision should operate to prohibit the employee, in his or her position as city council member, from exercising any undue influence over matters that would affect his or her personal situation as a civil service employee.
Question 2 — Can a non-civil service employee of a city run for citycouncil within that same city and if elected, lawfully serve in bothcapacities?
It is my opinion, for the reasons stated in response to Question 1, that the answer to this question will depend upon the nature of the non-civil service employee's position with the city. Although I am aware of no constitutional or statutory provision that prohibits any particular city employee from serving on the city council (or vice versa),[5] the situation may nevertheless be prohibited by the common law doctrine of incompatibility, if the position is one that could be classified as an "office" under the Arkansas Supreme Court's definition of that term, as discussed above, and if the two positions are "incompatible," as also discussed above. If the position of the non-civil service employee in question is an "office," and is subordinate to the city council in one of the ways described by the court in discussion and defining "incompatibility," see response to Question 1, the employee would be prohibited by the common law doctrine of incompatibility from serving on the city council. If, however, the position is not an "office," such service would not, in my opinion, be prohibited.
Question 3 — Can an employee of a city water and sewer department, whichis under a commission created pursuant to A.C.A. § 14-234-303 and A.C.A.§ 14-235-206, run for city council and if elected, lawfully serve in bothpositions?
It is my opinion that the answer to this question will depend upon the nature of the employee's position with the water and sewer department. If the position is one that could be classified as an "office," it could be prohibited by the doctrine of incompatibility for the reasons stated in response to Questions 1 and 2. Although the employees of the water and sewer department are under the direct control of the water or sewer commission or committee (see A.C.A. § 14-234-306 and A.C.A. §14-235-207), the commission or committee is nevertheless subject, to a certain extent, to the city council. See A.C.A. § 14-234-304 and -305; A.C.A. § 14-235-206. I have previously opined that direct control is not necessary to implicate the doctrine of incompatibility. See Op. Att'y Gen. No. 91-415.
I therefore conclude that if the employee's position with the water and sewer department is one that can be classified as an "office," the employee would be prohibited from serving on the city council. If, however, the position is not an "office," such service would not, in my opinion, be prohibited.
Question 4 — Would the answers to any of the above questions be differentif the employee in question declined to accept a salary from the citycouncil position?
It is my opinion that none of the answers would be different. The conclusions reached in response to the questions above were not predicated in any respect upon the fact that city council members receive a salary. That fact does not enter into the analysis. Therefore, if the employee in question were elected to the city council, but declined to accept a salary from the position on the city council, my analysis would be same as appears in response to Questions 1 through 3. Cf. Op. Att'y Gen. No. 96-147.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I have previously opined that while A.C.A. § 14-42-107(a)(2) (1987) would preclude a city council member from being appointed to a municipal office, it would not appear to prohibit the converse. That is, A.C.A. §14-42-107 does not prohibit a municipal officer from taking office as a city council member. See Ops. Att'y Gen. Nos. 94-102, n. 1, and 92-273.
[2] In analyzing any political activity by a civil service employee, all interested parties should be cognizant of the provisions of the federal "Hatch Act" (5 U.S.C. § 1501 et seq.), which could impact the situation.
[3] See footnote 1.
[4] There is no controlling Arkansas case law on this point, however, and the jurisdictions around the country appear to be split on this issue. For cases holding or implying that the doctrine is limited to the holding of two "offices," see Elderidge v. Sierra View Local HospitalDistrict, 224 Cal. App. 3d 311, 273 Cal. Rptr. 654 (1990); Dunn v.Froehlich, 155 N.J. Super. 249, 382 A.2d 686 (1978); and Reilly v.Ozzard, 33 N.J. 529, 166 A.2d 360 (1960). For cases holding the doctrine applicable to offices and employments, see Otradovec v. City of GreenBay, 118 Wis.2d 393, 347 N.W.2d 614 (1984); and Cummings v. Godin,119 R.I. 325, 377 A.2d 1071 (1977). See also 67A C.J.S. Public Officers and Employees, § 27, n. 35, and 63C Am.Jur. Public Officers and Employees § 62, notes 28 and 29.
[5] But see footnote 1.