1998 SD 100

**The CITY OF STURGIS, a municipal corporation, Plaintiff and Appellee,**

v.

**Michael KOCH, Defendant and Appellant.**

No. 20476.

Supreme Court of South Dakota.

Considered on Briefs July 1, 1998.

Decided Aug. 26, 1998.

Steven M. Christensen, Deadwood, for plaintiff and appellee.

Timothy J. Rensch, Rapid City, for defendant and appellant.

PER CURIAM.

## ACTION

[¶ 1.] Michael Koch appeals from a declaratory judgment holding that his positions as a reserve police officer and assistant fire chief while an incumbent city councilman for the City of Sturgis violates state law. We affirm.

## FACTS

[¶ 2.] Koch is a resident of Sturgis, South Dakota and has been a member of the Sturgis Police Reserve Association since 1973. This association is unincorporated and its stated purpose is to promote security and protect the Sturgis citizens. Koch works at least one eight-hour shift per month with the Sturgis Police Department to maintain law enforcement certification with the State. He receives no compensation for these shifts. He has engaged, however, in at least three types of activities for which he receives pay from the Sturgis Police Department: 1) transporting detainees from Sturgis to facilities in other towns; 2) installing light bars on police department vehicles and other similar duties; and 3) working as an "extra hire" officer during the annual motorcycle rally in Sturgis. He may resign his position as a reserve officer at any time or be terminated by the Chief or Assistant Chief of Police.

[¶ 3.] Koch has been a member of the Sturgis Volunteer Fire Department since 1985. This department is a nonprofit corporation. Koch receives no compensation for his service in this regard unless called to work on a forest fire which is the responsibility of the State of South Dakota. In March 1996, Koch became one of the two assistant fire chiefs and is paid $250 per month for this

administrative duty. He may resign from the volunteer force or be removed by the Fire Chief at any time.

[¶ 4.] In April 1997, Koch was elected to a city alderman position for the city of Sturgis and was sworn into office May 5, 1997. His campaign informed the voting public of his membership with the police reserves and the volunteer fire department. Since taking his seat as alderman, he has abstained from voting on any issues involving the police department or the volunteer fire department.

[¶ 5.] In September 1997, City of Sturgis brought a declaratory judgment action in circuit court for determination of whether Koch can continue to serve as assistant fire chief and reserve police officer for the City while serving as a city council member and, if so, whether he may receive compensation from the City for service in these positions. Both parties filed motions for summary judgments. Following a hearing, the circuit court held that the positions of assistant fire chief and reserve police officer constituted offices under the municipality and that Koch's holding such offices while an incumbent city councilman constituted a conflict of interest. Koch appeals the circuit court's decision.

## ANALYSIS & DECISION

[¶ 6.] There are no facts in dispute and the only question on appeal involves a matter of law; therefore, this Court's review is plenary. SDCL 9-14-16 prohibits a city alderman or councilman from holding "any other office under the municipality while an incumbent of such office."[1] To assist in determining whether Koch's participation in the reserve police force or as an assistant fire chief constitutes his holding "any other office under the municipality," the circuit court relied, in part, on the following city ordinance:

There shall be appointed by the Mayor of the City of Sturgis and ratified by the Common Council on the first Monday of May of each year, a Finance Officer, City Attorney, Deputy City Attorney, City Engineer, Chief of Police, *Police Officers,* Fire Chief, *Assistant Fire Chief* and Firemen, *and such other officers* as may be provided for by statute or ordinance, who shall hold office until the first Monday of May of the year following their appointment and/or until their successors shall be appointed and qualified, unless otherwise their term shall be terminated by the Mayor or as by law provided.

City of Sturgis 1984 Revised Ordinances, 7.0301 (emphasis added).[2] Koch claims his positions as a reserve police officer and assistant fire chief, which combined do not require half of his time, do not constitute holding "any other office under the municipality."

[¶ 7.] Regarding the definition of "public office," we have stated:

'As a general rule it may be stated that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which are continuing in their nature and not occasional or intermittent. But one who merely performs the duties required of him by persons employing him under an express or implied contract, though such persons themselves be public officers, and though the employment be in or about public work or business, is a mere employee.'

*Seymour v. Western Dakota Voc. Tech. Inst.,* 419 N.W.2d 206, 208 (S.D.1988) (quoting *Christopher v. City of Fairmont,* 167 W.Va.

---

1. This statute provides:

   No mayor, alderman, commissioner, or trustee may hold any other office under the municipality while an incumbent of such office. The term "office" does not include membership on any municipality board, if the ordinance or resolution establishing the board specifically includes the mayor, an alderman, commissioner, or trustee in the membership of the board. No mayor, alderman, commissioner, or trustee is disqualified from holding such office in any municipality as a result of holding any liquor

license or being the spouse of a person holding any liquor license. No mayor, alderman, commissioner, or trustee who is the holder of a liquor license may vote on the issuance or transfer of any such license. No auditor or clerk may hold the office of treasurer under the municipality while an incumbent of such office.

2. SDCL 9-14-1 provides "[t]he governing board of municipalities shall appoint such officers as needed and provided for by ordinance."

710, 280 S.E.2d 284, 285 (1981)); *see Griggs v. Harding County,* 68 S.D. 429, 3 N.W.2d 485, 486 (1942) (citing similar definition and noting "[a] public office ... involves a delegation to the person filling the office of some part of the functions of the government to be exercised by him for the benefit of the public.") Against this statutory and municipal ordinance backdrop the circuit court did not err in finding that Koch's duties as a reserve police officer and assistant fire chief constituted public offices.

[¶ 8.] City informed the circuit court at the motions hearing that, as a reserve police officer, Koch exercises some portion of the sovereign power of issuing citations, arresting people, and controlling crowds. Koch did not deny this. This exercise by Koch of the city's sovereign power for the benefit of the citizens of Sturgis is sufficient to capture his position as a reserve officer under our definition of public office. As to his assistant fire chief position, Koch admits the membership roster of the entire volunteer fire department is submitted to the Sturgis City Council for approval each year. Moreover, the city ordinance quoted above specifically refers to the assistant fire chief as a city officer. Thus, both positions, reserve police officer and assistant fire chief, are "offices under the municipality."

[¶ 9.] Koch argues to the contrary, citing his personal expenditure for his handgun and uniform and the lack of compensation, for the most part, for his duties. His purchase of his supplies is irrelevant to determination of the question. However, the facts regarding compensation actually support the City's position in that the money Koch is paid for his services, albeit not enough to constitute a livelihood, derives from the city budget which must be approved by the city council. It is also no support to Koch's position that two city aldermen have, according to Koch, recently served as volunteer firefighters while they were members of the city council. *See Woodruff v. Meade County Bd. of Comm'rs,* 522 N.W.2d 771, 774 (S.D.1994) (noting "two wrongs" do not "make a right argument").[3]

[¶ 10.] Statutes similar to SDCL 9–14–16 exist in other jurisdictions. Those cases in which these statutes have been discussed also refer to the common law rule against conflicts of interest in local governments. "The doctrine of incompatibility of offices is a common law creation, arising out of the public policy that an officeholder's performance not be influenced by divided loyalties." *Dunn v. Froehlich,* 155 N.J.Super. 249, 382 A.2d 686, 687 (1978). The Georgia Supreme Court analogized the rule to the separation of powers provision that appears in its state constitution regarding state offices: "If permitted to serve in their dual capacities as aldermen (legislative) and policemen (executive), the appellants could not only vote to set their own salaries, but also enforce ordinances which they had participated in enacting." *Fowler v. Mitcham,* 249 Ga. 400, 291 S.E.2d 515, 518 (1982).

[¶ 11.] SDCL 9–14–16 is based upon the common law rule prohibiting the holding of incompatible offices. SDCL 1–1–23 and –24. The circuit court found that Koch's holding positions of reserve police officer and assistant fire chief while sitting as a city councilman created the conflict of interest meant to be prevented by this rule. Regarding the test for determining whether a conflict exists, the North Dakota Supreme Court observed that:

> Two offices or positions are incompatible when one has the power of appointment to the other and the power to remove the other and if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties and obligations to the public to exercise independent judgment.

*Tarpo v. Bowman Public Sch. Dist. No. 1,* 232 N.W.2d 67, 71 (N.D.1975). In *Wayne County Prosecutor v. Kinney,* 184 Mich.App. 681, 458 N.W.2d 674 (1990), the court held that a city councilman who was also a paid volunteer fire fighter for the city fire department was holding two public positions in

---

**3.** We specifically reject the argument proffered by Koch that SDCL 9–14–31 provides the defining law in this appeal. That statute provides the distinction between employee and officer for insurance purposes and has no application to the concerns addressed by SDCL 9–14–16 regarding eligibility to be a member of a municipality's governing body.

violation of that state's "incompatible offices" act.

[¶ 12.] Courts have held that when such a conflict exists, it is insufficient for the office-holder to disqualify himself or decline to act in the areas of conflict. "The doctrine was designed to avoid the necessity for such an option, and the admitted need for such inaction is the most compelling proof that an incompatibility exists." *Dunn,* 382 A.2d at 687. It appears Koch recognizes the conflict of interest created by his dual capacities as he presently abstains, as a councilman, from voting on any issues involving the police or fire departments. His abstention does not remove him from the prohibition in SDCL 9–14–16 as noted above. It does, however, preclude him from fully carrying out his duties as a city councilman and illustrates the rationale for the public policy prohibiting simultaneous service under the municipality.[4]

[¶ 13.] Our legislature has seen fit to limit somewhat the scope of the common law prohibition by enactment of SDCL 9–14–16 which now governs what is permissible and what is an impermissible conflict of interest.

Our holding in this case is a narrow one dictated by the City's very expansive definition of what constitutes a municipal officer. We do not hold that membership in a reserve police force or volunteer fire department is a per se violation of SDCL 9–14–16. Each case is fact-specific based on the applicable municipal ordinances and the duties assigned the members of a reserve police force, volunteer fire department and their officers.

[¶ 14.] The circuit court did not err in its judgment. Koch is prohibited, as an incumbent city councilman, from holding either of his other two positions as reserve police officer and assistant fire chief.[5]

[¶ 15.] MILLER, C.J., SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.

---

4. Koch is to be commended for his service to the City of Sturgis. The law is not meant to punish him but to keep separate the loyalties associated with that service. This Court recognizes there are many small communities in this state with a limited pool of persons eligible and willing to serve in positions of public service. Although the result of today's decision illustrates the difficulties associated with this reality, the remedy lies with the legislature and not with the courts.

5. Another court reached a similar conclusion. *See Hughley v. City of Thomaston,* 180 Ga.App. 207, 348 S.E.2d 570, 571 (1986) (if an individual's simultaneous service results in a conflict of interest, the result does not disqualify him from holding office as a city councilman but renders him ineligible to continue other offices under the municipality).