**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**William B. Hartman,**
**Plaintiff Below, Petitioner**

**vs.)  No. 21-0765** (Putnam County No. 19-C-74)

**Putnam County Board of Education,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William B. Hartman appeals the August 31, 2021, order of the Circuit Court of Putnam County that granted Respondent Putnam County Board of Education's ("the Board") Rule 12(b)(6) motion to dismiss petitioner's complaint which claimed the Board violated the Open Governmental Proceedings Act, W.Va. Code § 6-9A-1 to -12 (the "Act").[1]

This case arises from a work stoppage conducted by West Virginia's public school teachers and other school personnel on February 19 and 20, 2019.

On February 14, 2019, prior to the work stoppage, the Board members Bruce Knell, Robert Cunningham, Wade Neal, and Assistant Superintendent Brad Hodges participated in a "group electronic communication" (texting or emailing).[2] One of the Board members stated that if a work stoppage occurred in neighboring Kanawha County, that school district intended to remain open. On the evening of February 18, 2019, Superintendent John Hudson, Assistant Superintendent Hodges, and Board members Knell, Cunningham, Neal and Calvin Damron had a group electronic conversation in which they generally discussed (1) the likely duration of the impending work stoppage; (2) the possibility of picketing at schools; (3) the number of school districts that might close during the work stoppage; and (4) statements made by, and the demeanor of, people attending a publicly held Board meeting. The suggestion was also made that it might be best to close Putnam County's schools. The next day, February 19, 2019, fifty-four of West Virginia's fifty-five county school districts closed their schools. Superintendent Hudson, pursuant to his statutory authority under West Virginia Code § 18-4-10(5) (allowing a county superintendent to "[c]lose a school temporarily when conditions are detrimental to the health, safety or welfare of the pupils"), did not close Putnam County Schools.

---

[1] Petitioner is represented by Thomas H. Peyton. Respondent Board is represented by Kenneth E. Webb, Jr., Joshua A. Cottle, and Francesca C. Rollo.

[2] A majority of the members of the Board constitutes a quorum of the Board.

1

On April 9, 2019, petitioner filed a complaint alleging that the Board's group electronic communications were meetings in violation of the Act. However, upon a motion by the Board, the circuit court, on August 31, 2021, dismissed petitioner's complaint for failing to state a claim. Petitioner now appeals arguing that the court erred in dismissing his case. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

Petitioner avers that the Board violated the Act by convening electronic "meetings" for the purpose of deciding whether to close Putnam County Schools. The Act defines a "meeting" as "the convening of a governing body of a public agency . . . in order to make a decision or to deliberate toward a decision on any matter which results in an official action." W. Va. Code § 6-9A-2(5). Discussions "by telephone conference or other electronic means" may constitute a "meeting." *Id.* The Board counters that, since the authority to close schools rested solely with Superintendent Hudson, its electronic discussions were not "meetings" under the Act because they could never have resulted "in an official action."[3] We agree.

Our boards of education are "created by statute with functions of a public nature," and they "can exercise no power not expressly conferred or fairly arising from necessary implication, and in no other mode than that prescribed or authorized by the statute." Syl. Pt. 2, in part, *Napier v. Lincoln Cnty. Bd. of Educ.*, 209 W. Va. 719, 551 S.E.2d 362 (2001) (quoting Syl. Pt. 4, *Shinn v. Bd. of Educ.*, 39 W.Va. 497, 20 S.E. 604 (1894)). West Virginia Code § 18-5-13 lists the powers boards of education may exercise, none of which include the right to decide whether to temporarily close schools. Instead, and as noted above, the Legislature specifically granted county school superintendents the exclusive authority to "[c]lose a school temporarily when conditions are detrimental to the health, safety or welfare of the pupils[.]" W. Va. Code § 18-4-10(5). Moreover, we have recognized that a county superintendent is the authority statutorily appointed to decide whether to temporarily close a school. *See Dillon v. Bd. of Educ. of Mingo Cnty.*, 171 W. Va. 631, 634, 301 S.E.2d 588, 591 (1983) ("Under W.Va. Code, 18-4-10, a county superintendent has authority to temporarily close a school[.]"). A school superintendent's authority is "independent of the school board." *See Mullins v. Kiser*, 175 W. Va. 56, 57, 331 S.E.2d 494, 495 (1985).

Because the Board did not have the authority to take official action regarding the temporary closing of the county's schools, any conversation between the Board's members and the Superintendent regarding the closing of Putnam County Schools (to the extent any such conversation occurred) was not a "meeting" as defined by the Act. *See* W. Va. Code § 6-9A-2(5). Accordingly, we find no error in the circuit court's dismissal of petitioner's complaint.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

---

[3] The Act defines an "official action" as "action which is taken by virtue of power granted by law, ordinance, policy, rule, or by virtue of the office held." W. Va. Code § 6-9A-2(6).

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice William R. Wooton

**DISSENTING:**

Justice Tim Armstead
Justice C. Haley Bunn

Armstead, J., dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the issues raised in this appeal. Given the broad authority granted to county boards of education by our Legislature in West Virginia Code § 18-5-1 (1945), which states, in part, "[e]ach county school district shall be under the supervision and control of a county board of education," I believe a formal opinion of this Court is warranted, rather than a memorandum decision. This is especially important where, as here, the public's access to potential decision-making deliberations of its government is called into question.

Our Legislature has embraced a policy of openness through the Open Meetings Act:

The Legislature hereby finds and declares that public agencies in this state exist for the singular purpose of representing citizens of this state in governmental affairs, and it is, therefore, in the best interests of the people of this state for the proceedings of public agencies [to] be conducted openly, with only a few clearly defined exceptions. The Legislature hereby further finds and declares that the citizens of this state do not yield their sovereignty to the governmental agencies that serve them. The people in delegating authority do not give their public servants the right to decide what is good for them to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments of government created by them.

W. Va. Code § 6-9A-1 (1999). In examining this language, we have stated:

From the legislative statement of policy and its constitutional underpinnings, it is clear this Court should accord an expansive reading to the Act's provisions to achieve its far-reaching goals. A narrow reading would frustrate the legislative intent and negate the purpose of the statute. *See State ex rel. Badke v. Village Board*, 173 Wis.2d 553, 570, 494 N.W.2d 408, 414 (1993) ("[t]he fundamental purpose of the open meeting law is to ensure the right of the public to be fully informed regarding the conduct of governmental business"). Moreover, we are concerned a narrow interpretation of the Act would invite avoidance tactics. Thus, a court applying the law should "push [its coverage] beyond debatable limits in order to block evasive techniques." *Sacramento Newspaper Guild v. Sacramento County Bd. of Supervisors*, 263 Cal.App.2d 41, 50, 69 Cal. Rptr. 480, 487 (1968).

3

*McComas v. Bd. of Educ. of Fayette Cnty.*, 197 W. Va. 188, 197-98, 475 S.E.2d 280, 289-90 (1996) (footnotes omitted).

Given the clear Legislative intent for the government to operate in a transparent manner and this Court's precedents, I believe this matter should have been set for oral argument.

Accordingly, I respectfully dissent.

I am authorized to state that Justice Bunn joins in this dissent.